[Crim. No. 4580. Second Dist., Div. Three. Mar. 2, 1951.]

THE PEOPLE, Respondent, v. ROY BESOYIAN, Appellant.

William W. Larsen for Appellant.

Edmund G. Brown, Attorney General, and Donald D. Stoker, Deputy Attorney General, for Respondent.

BARTLETT, J. pro tem.—By an information filed August 12, 1949, the petitioner herein was charged with the crime of robbery and two prior convictions. He was arraigned on August 16, 1949, pleaded not guilty and denied the prior convictions. Subsequently the petitioner admitted the second prior conviction of robbery alleged in the information and the first prior conviction alleged therein was stricken. The case was tried on October 31st, November 1st and November 2d of 1949. During the third day of the trial the petitioner asked leave of court to withdraw his plea of not guilty and enter a plea of guilty to a lesser offense. This permission was granted. The court found the crime to be robbery in the second degree and granted petitioner leave to file an application for probation. On December 1, 1949, a motion was made on behalf of petitioner to withdraw his plea of guilty and enter a plea of not guilty. This motion was denied. The court thereafter pronounced judgment. On July 14, 1950, petitioner filed his petition for a writ of error *coram nobis* which, after a hearing before a judge who had presided at all of the former proceedings in the case, was denied. At all stages of the proceedings the petitioner was represented by counsel of his own choosing.

Petitioner's contentions on appeal from the order of the court are set forth in his petition as follows: "POINTS UPON WHICH THE APPELLANT WISHES TO RELY I That at the time of changing his plea from not guilty to guilty the appellant was deprived of his power of reasoning because of temporary

insanity resulting from grief, worry, fear and confinement. II That not until the appellant had been sentenced and was in the penitentiary did he find out the true date of the crime charged against him. That had he known said true date he could have established an alibi defense.''

█ After alleging that at the time appellant's attorney advised him to change his plea of not guilty to guilty of a lesser offense than the one upon which he was being tried, and that at the time he did so, appellant was temporarily insane, the petition alleges ''that shortly thereafter and before sentence the defendant recovered his sanity and resultant ability to reason and think and attempted to withdraw his plea of guilty.'' However the petition further alleges ''that said status was not brought to the attention of the court.'' In *People* v. *Shorts*, 32 Cal.2d 502 [197 P.2d 330] : ''One who applies for a writ of *coram nobis* upon a ground such as the one here presented must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.'' The petition itself therefore negatives any showing of diligence. When his counsel made the motion to withdraw the plea of guilty then was his opportunity to disclose to the court any such matter as his temporary insanity at the time of the changing of his plea. Also just before the pronouncement of judgment he had, as a defendant has in all cases, an opportunity to show legal cause why judgment should not be pronounced. This he failed to do.

█ As to his second contention that he did not find out the ''true date'' of the crime charged against him until after he was in the penitentiary and that had he known the ''true date'' he could have proven an alibi, we are confronted with a record which shows negligence and an entire lack of diligence on his part. The information charged him with the crime of robbery committed on April 16, 1949, and he alleges that he thought he was charged with having committed the crime on April 18th. At the time of the arraignment his attorney waived the reading of the information. He states that he did not read it and was not informed of its contents. This contention is sufficiently answered in *People* v. *Ingles*, 97 Cal. App.2d 867 [218 P.2d 987]. In that case the defendant, a minor, pleaded guilty to a charge for which he had been held to answer and was set forth in the information but which it

was conceded was different from that set forth in the complaint upon which he had originally been arrested. He pleaded guilty to the offense set forth in the information under the belief that it was the same charge which had been set forth in the complaint originally. It was contended that his youth and the fact that his attorney was not present when he was sentenced constituted reasons for his not discovering the error. The court held: "While his attorney waived the reading of the information by the clerk (a matter of common practice), if the attorney and appellant did not read it or compare it with the charge in the complaint, it was such a lack of diligence as would bar the right to *coram nobis*. . . . His lack of diligence in discovering the mistake as to the particular crime was entirely his own fault."

The petitioner in this case was a man of experience. He admitted a prior conviction of the crime of robbery and service of a term in the penitentiary. Furthermore he was present in court during over two days of trial when the case was presented against him and if he did not, during that time, notice the date of the happening of the crime of which he was charged, he certainly was negligently inattentive. That he did at that time learn of the "true date" is evident by one portion of his affidavit which, it is true, is inconsistent with other statements in the same affidavit. The portion referred to reads as follows: "Neither was he ever informed by counsel or by any other person to the best of his recollection and knowledge of the true date on which the crime charged against him was committed, nor did he learn the true date thereof *until his case was actually on trial.*" (Emphasis added.) That showing of due diligence required in the rule laid down in *People* v. *Shorts, supra,* has not been made here.

The order of the court denying defendant's petition for writ of error *coram nobis* is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.